

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

July 26, 1972

Hon. Clyde Whiteside
Chairman
Board of Pardons and Paroles
Room 501, John H. Reagan Bldg.
Austin, Texas    78701

Opinion No. M-1178

Re: Possible retroactive
application of Morrissey
v. Brewer with regard to
on sight hearings in
Parole Revocation pro-
ceedings.

Dear Mr. Whiteside:

This is in response to your recent letter which, except for formal parts, is quoted in its entirety:

"The Board of Pardons and Paroles would like your official legal opinion as to whether or not this Board is required to have a retroactive preliminary parole revocation hearing on Texas cases where parole has been officially revoked prior to the Morrissey Decision. Said decision being styled John J. Morrissey and G. Donald Booher vs. Lou B. Brewer, Warden, et al., as handed down June 29, 1972. The opinion being delivered by Chief Justice Burger, United States Supreme Court."

The following pertinent portions of the Morrissey Opinion are set forth:

"We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations."

* * *

"We now turn to the nature of the process that is due, bearing in mind that the interest of both State and parolee will be furthered by an effective but informal hearing. In analyzing what is due, we see two important stages in the typical process of parole revocation.

" . . . The first stage occurs when the
parolee is arrested and detained, usually at
the direction of his parole officer. The second
occurs when parole is formally revoked.

" . . .

"With respect to the preliminary hearing
before this officer, the parolee should be given
notice that the hearing will take place and that
its purpose is to determine whether there is
probable cause to believe he has committed a
parole violation.

" . . .

"There must also be an opportunity for a
hearing, if it is desired by the parolee, prior
to the final decision on revocation by the parole
authority. This hearing must be the basis for
more than determining probable cause; it must
lead to a final evaluation of any contested re-
levant facts and consideration of whether the
facts as determined warrant revocation.

" . . .

"We do not reach or decide the question
whether the parolee is entitled to the assistance
of retained counsel or to appointed counsel if he
is indigent.

"We have no thought to create an inflexible
structure for parole revocation procedures. The
few basic requirements set out above, which are
applicable to future revocations of parole,
should not impose a great burden on any State's
parole system." (Emphasis added.)

In view of the prior history of the rule announced, its
purpose and effect, and the effect on the administration of
justice of a retrospective application of such a rule, and the
further doctrine that the Supreme Court is neither required to
apply, nor prohibited from applying, a decision retrospectively,
we have concluded that the preliminary parole revocation hearing

requirement will be given only prospective effect. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731 (1965).

In view of the provision last quoted above and the foregoing considerations, it is the opinion of this office that the requirements of Morrissey v. Brewer, supra, are to be prospectively applied, and it is not necessary for the Board to grant on-sight hearings to persons whose paroles were revoked prior to June 29, 1972.

### SUMMARY

The procedural rules established in Morrissey v. Brewer, ___ U.S. ___, 40 L.W. 5016, are only prospective in application, commencing June 29, 1972, and are therefore not applicable to revocation prior to June 29, 1972.

Respectfully submitted,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Howard M. Fender
Assistant Attorney General

APPROVED
OPINION COMMITTED:

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Glenn Brown
Lang Baker
Bob Lattimore
Jack Sparks

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant